

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA    )
             )
v.                      )              Criminal No. 3:09cr78–HEH
             )
PRENTIS TREWAYNE ROBERTS,    )
             )
      Petitioner.       )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Prentis Trewayne Roberts, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (Dk. No. 32.) Roberts makes the following claims:

| | |
|---|---|
| Claim One | Counsel ineffectively failed to investigate whether the Pre-sentence Investigation Report ("PSR") properly classified Roberts as a career offender. |
| Claim Two | Counsel wrongly informed Roberts that a direct appeal would violate his plea agreement. |
| Claim Three | Counsel deficiently failed to file an appeal as directed by Roberts. |
| Claim Four | "When [Roberts's] federal trial counsel failed correctly to apply career offender provisions of Sentencing Guidelines when determining sentenceing [sic] range [Roberts] would face if he accepted Government's plea agreement, [Roberts] lost the full benefit of the Sixth Amendment[1] right to effective assistance of counsel because the lawyer's deficient performance allowed an |

---

[1] "In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

|                | illegal enhancement to transpire." (§ 2255 Mot. 9 (internal citations omitted).) |
|----------------|---------------------------------------------------------------------------------|
| Claim Five     | The PSR incorrectly classified Roberts as a career offender. |
| Claim Six      | "Roberts wants to challenge his career offender sentence by proving that his prior convictions was unconstitutional." (*Id.* at 19.) |

The Government filed its response. Roberts has replied. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

A Grand Jury returned an indictment charging Roberts with possession with intent to distribute fifty (50) grams or more of cocaine base (Count One) and two counts of distributing five (5) grams or more of cocaine base (Counts Two & Three). (Indictment (Dk. No. 9) 1–2.) Pursuant to his Plea Agreement, Roberts pled guilty to Count One of the Indictment and the Government dismissed Counts Two and Three. (Plea Agreement (Dk. No. 14) ¶¶ 1, 11.) The Court sentenced Roberts to 270 months of imprisonment.

Thereafter, Roberts, by counsel, filed a notice of appeal in the United States Court of Appeals for the Fourth Circuit. Several days later, however, the Fourth Circuit granted Roberts's motion to voluntarily withdraw his appeal. *United States v. Roberts*, No. 09–4711, at 1 (4th Cir. Aug. 10, 2009). Roberts subsequently filed the instant § 2255 Motion.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A.    Roberts's Classification as a Career Offender

Claims One, Four, Five and Six all turn on the validity of Roberts's contention that the PSR improperly used two prior felony convictions in the Circuit Court for the City of Richmond, Virginia ("Circuit Court") to classify him as a career offender.[2] Roberts advances two separate arguments to challenge his career offender classification.

---

[2] Under the United States Sentencing Guidelines ("Guidelines"), a career offender status is appropriate when (1) the defendant is at least eighteen years old at the time the instant offense is committed, (2) the instant offense is either a felony crime of violence or a felony controlled

3

1.     **Roberts's Circuit Court Convictions**

First, Roberts contends that the PSR improperly used two convictions imposed on the same day to classify him as a career offender. "A defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). Felony convictions are separate provided that "the sentences for [any prior felony convictions] are counted separately under the provisions of § 4A1.1(a), (b), or (c)." *Id.* at § 4B1.2(c). Section 4A1.2 of the Guidelines clarifies the term "prior sentence," as used in §§ 4A1.1(a)–(c): "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." *Id.* at § 4A1.2(a)(2).

On June 12, 1996, the Circuit Court convicted Roberts of possession of cocaine with the intent to distribute, but did not sentence him to any active time of imprisonment. (PSR ¶ 37.) However, the Circuit Court imposed supervised probation and participation in a "Boot Camp Program." (*Id.*) Subsequently, law enforcement personnel arrested Roberts for "stabb[ing] Nicholas Bridges, age 18, with a knife multiple times in the 1300 block of Matthews street." (*Id.* ¶ 38.) On June 23, 1998, as a result of this arrest, the Circuit Court convicted Roberts of malicious wounding. (*Id.*) On June 24, 1998, the

---

substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or controlled substance offense. U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2009).

Circuit Court sentenced Roberts to five years of imprisonment for violating probation with respect to his June 12, 1996 conviction. (*Id.* ¶ 37.)

On November 8, 1999, the Circuit Court vacated Roberts's June 23 and 24, 1998 convictions because "the Richmond, Virginia Juvenile and Domestic Relations Court failed to follow the mandatory statutory and constitutional procedures for initiating proceedings against [Roberts], who was a juvenile at the time of the offenses." (PSR ¶¶ 37, 38.) On September 11, 2000, the Circuit Court convicted Roberts of both the probation violation charge and the malicious wounding charge, imposing an active prison sentence of thirteen years and a term of supervised probation. (*Id.*) On April 22, 2008, the Virginia Department of Corrections released Roberts to supervised probation.

Roberts argues that, because the Circuit Court convicted him for *violating probation* and malicious wounding on the same day, the PSR improperly used these convictions to classify him as a career offender. However, the PSR based Roberts's career offender status on his conviction for *possession of cocaine with intent to distribute*—not the probation violation related to this conviction—and his conviction for malicious wounding. The sentences for these two convictions were not only separated by an intervening arrest but were imposed on different dates. *See* USSG § 4A1.2(a)(2). Consequently, because the PSR properly counted them as separate convictions for the purpose of determining Roberts's career offender status, Claim Five will be dismissed. Additionally, Roberts cannot show deficiency by counsel for failing to object to the PSR on this basis.

5

## 2.    Ineffective Assistance During State Court Proceedings

Second, Roberts argues that the PSR improperly used the September 11, 2000

conviction to determine his career offender status because that conviction resulted from

ineffective assistance by his state court counsel. A defendant in a federal sentencing

proceeding has no right to collaterally challenge a prior state court conviction used to

enhance his sentence with the single exception of cases in which the defendant can

establish that the prior state conviction was obtained in violation of the Sixth Amendment

right to court-appointed counsel at trial as established by the Supreme Court in *Gideon v.

Wainwright*, 372 U.S. 335 (1963). *See Daniels v. United States*, 532 U.S. 374, 376

(2001); *Custis v. United States*, 511 U.S. 485, 496 (1994). The *Gideon* exception is

limited to the "complete denial of the right to counsel," and does not extend to lesser

Sixth Amendment violations. *United States v. Bradshaw*, 999 F.2d 798, 801 (4th Cir.

1993) (internal quotation marks omitted).

Roberts does not dispute that an attorney represented him in conjunction with the

relevant prior convictions. (*See* PSR ¶¶ 37, 38.) Although Roberts points to compelling

evidence that his state court counsel failed to appeal the September 11, 2000 convictions

through no fault of Roberts's (*see* § 2255 Mot. Ex. F), the Court cannot use this evidence

to exclude reference to the facially valid state convictions during Roberts's federal

criminal proceedings. *See Custis*, 511 U.S. at 496–97 (refusing to entertain during

federal sentencing proceedings a challenge to state convictions on grounds that the

6

petitioner was denied effective assistance of counsel). Claim Six, therefore, will be dismissed.

Moreover, in this case, the ineffective assistance of counsel during the state court proceedings did not provide a viable basis for federal trial counsel to object to the PSR's classification of Roberts as a career offender. Counsel's failure to make a frivolous objection can be neither deficient nor prejudicial. Because Roberts fails to establish deficiency or prejudice by counsel, Claims One and Four will be dismissed.

**B.    Roberts's Direct Appeal**

**1.    Claim Two**

In Claim Two, Roberts asserts that counsel deficiently advised him that a direct appeal would violate the provisions of his Plea Agreement. Roberts contends that "had [he] known the correct information about his appeal rights, he would have appealed the sentence." (§ 2255 Mot. 7.) This claim lacks factual merit.

The Court notes that Roberts, by counsel, filed a notice of appeal. This indicates that, despite the futility of such an appeal due to the appeal waiver provision in the Plea Agreement (Plea Agreement ¶ 6),[3] Roberts "kn[e]w the correct information about his appeal rights." (§ 2255 Mot. 7.) Thus, Roberts fails to show prejudice resulting from counsel's advice. Accordingly, Claim Two will be dismissed.

---

[3] The Fourth Circuit generally upholds the validity of appeal waivers entered into knowingly and voluntarily. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (citing *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Here, nothing indicates that Roberts's appeal waiver was anything but knowing and voluntary. (*See* Plea Agreement 12.)

## 2.    Claim Three

In Claim Three, Roberts's alleges that counsel deficiently failed to file an appeal

by prematurely withdrawing the appeal prior to investigating Roberts's status as a career

offender.  The Court recognizes that "[a]n attorney who fails to file an appeal after being

instructed by his client to do so is per se ineffective." *United States v. Witherspoon*, 231

F.3d 923, 926 (4th Cir. 2000) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)).[4]

However, that is not the case here.

Roberts contends that, after the Court sentenced him on July 24, 2009, he

"expressed his dissatisfaction toward [counsel's] performance (because [counsel] did not

mention at sentencing that Mr. Roberts['s] prior convictions were tainted by ineffective

assistance of counsel) and [Roberts] also mentioned his dissatisfaction toward the

sentence." (Pet'r's Resp. (Dk. No. 39) 2.)  Roberts and his counsel "again reviewed the

career offender issue." (*Id.*)  Roberts insisted that, due to ineffective assistance of

counsel regarding his September 11, 2000 conviction, the Court wrongly relied on that

conviction in determining that he was a career offender. (*Id.*)

> [Counsel] agreed that he would check into the information and if the
> information was true, then he would raise the issue on appeal but in the

---

[4] Courts presume prejudice in such cases and the petitioner need not show any chance of success on appeal. *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995).  The Court notes that a split of authority exists respecting whether a lawyer is per se ineffective when the lawyer fails to file a notice of appeal despite his client's wishes, even when the defendant has waived his right to appeal and has no meritorious issues to raise.  The United States Court of Appeals for the Seventh Circuit departs from the majority of circuits, and holds that counsel is not per se ineffective for honoring a client's written waiver of appeal instead of the client's later oral instruction to appeal. *Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008).  Despite this contrary precedent from a different circuit, this Court adheres to the principles announced by the Fourth Circuit. *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).

> meantime [counsel] told Mr. Roberts to sign the waiver of his appeal rights
> just in case this information was not true, because if it was not true then he
> was going to go ahead and file the waiver of [Roberts's] appeal rights.

(*Id.*)[5] Roberts now asserts that counsel improperly waived his right to appeal because "it was impossible for [counsel] to not find this information." (*Id.* at 3.) "[T]he only conclusion is, [that counsel] never had intentions of checking the information requested by [Roberts] because [counsel's] hidden agenda was to help enforce the waiver of [Roberts's] appeal rights." (*Id.*)

Roberts does not dispute his agreement that counsel would withdraw the appeal if counsel found it unsupported by evidence in Roberts's Circuit Court file. Rather, Roberts makes only the bare assertion that counsel never actually checked the files. Roberts advances no factual support for this conclusory allegation.[6] Moreover, counsel swears that he "reviewed the entire file in the City of Richmond and found nothing to alter my opinion [that the PSR accurately designated Roberts a career offender]." (Gov't's Resp. Attach 1, at 2.)[7] Furthermore, as discussed above, *supra* Part II(A)(2), state court counsel's failure to appeal the September 11, 2000 Circuit Court conviction cannot be

---

[5] The "waiver of appeal rights" Roberts refers to appears to be the "AUTHORIZATION TO WITHDRAW APPEAL." (Gov't's Resp. Attach. 2.) This document, dated July 4, 2009, authorizes Roberts's counsel "to withdraw any appeal which is pending in the Fourth Circuit Court of Appeals." (*Id.*) According to Roberts, however, he signed it on July 24, 2009.

[6] District Courts do not abuse their discretion when dismissing allegations "of a 'vague, conclusory or palpably incredible nature' without a hearing." *Tucker v. Dixon*, No. 95–7372, 1996 WL 417710, at *1 (4th Cir. July 26, 1996) (quoting *Raines v. United States*, 423 F.2d 526, 531 (4th Cir. 1970)).

[7] Because Attachment 1 to the Government's Response is an amalgamation of several documents not sequentially numbered, the Court will cite these documents using the page numbers assigned by the CM/ECF system.

used as a basis for challenging the PSR's use of this conviction to afford Roberts career offender status. *See Custis*, 511 U.S. at 496–97. Accordingly, counsel, having checked the Circuit Court records as agreed, accurately determined that the PSR correctly designated Roberts a career offender.

Here, Roberts's counsel filed a notice of appeal as requested by Roberts. (*See* Gov't's Resp. Attach. 1, at 4.) Counsel then withdrew the appeal, as agreed, when he correctly determined that Roberts's contention concerning his September 11, 2000 conviction lacked legal merit. (*See* § 2255 Mot. Ex. J.) Accordingly, because Roberts demonstrates neither deficiency nor prejudice, Claim Three will be dismissed.

### III. CONCLUSION

Roberts's claims will be dismissed. Roberts's § 2255 Motion (Dk. No. 32) and Motion for Summary Judgment (Dk. No. 38) will be denied. The action will be dismissed. A certificate of appealability will be denied.[8]

An appropriate Order will accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 10, 2012
Richmond, Virginia

---

[8] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Roberts has not satisfied this standard.