IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:09cr78–HEH
)
PRENTIS TREWAYNE ROBERTS, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying Fed. R. Civ. P. 60(b) Motion)

Prentis Trewayne Roberts, a federal inmate proceeding *pro se*, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (ECF No. 32.) By Memorandum Opinion and Order entered on May 14, 2012, this Court dismissed Roberts's claims and denied the § 2255 Motion. *United States v. Roberts*, No. 3:09cr78–HEH, 2012 WL 1678074, at *4 (E.D. Va. May 14, 2012). On January 21, 2014, the Court received a Federal Rule of Civil Procedure 60(b) Motion from Roberts ("Rule 60(b) Motion"). (ECF No. 69.) For the reasons set forth below, the Rule 60(b) Motion will be dismissed as untimely.

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) must cross the "initial threshold" showing of "'[ (1) ] timeliness, [ (2) ] a meritorious [claim or]

defense, [ (3) ] a lack of unfair prejudice to the opposing party, and [ (4) ] exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir.1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).

In his Rule 60(b) Motion, Roberts asserts that the Court erred in dismissing his § 2255 Motion by incorrectly recounting the procedural history for his September 11, 2000 convictions of a probation violation charge and malicious wounding charge. (Rule 60(b) Mot. 3–4.) Because Roberts argues that the Court committed a mistake, Rule 60(b)(1) applies. *See Johnson v. Kelly*, Nos. 3:10CV086, 3:07CV737, 3:10CV299, 2010 WL 1172646, at *1 (E.D. Va. Mar. 23, 2010) (citing *Taylor v. Va. Dep't Transp.*, 170 F.R.D. 10, 11 (E.D. Va. 1996)). Rule 60(b)(1) motions must be filed "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Because Roberts filed his Rule 60(b) Motion more than a year after the Court denied his § 2255 Motion, the Rule 60(b) Motion (ECF No. 69) will be denied as untimely. The Court will deny a certificate of appealability.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 27, 2014
Richmond, Virginia