IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA          )
                                  )
v.                                )       Criminal No.      3:09CR78–HEH
                                  )       Civil Action No.  3:15cv491
PRENTIS TREWAYNE ROBERTS          )

MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2255 Motion)

By Memorandum Opinion and Order entered on May 14, 2012, this Court denied

Prentis Trewayne Roberts's motion to vacate, set aside, or correct his sentence pursuant

to 28 U.S.C. § 2255. *United States v. Roberts*, No. 3:09CR78–HEH, 2012 WL 1678074,

at *4 (E.D. Va. May 14, 2012).  This matter now comes before the Court on Robert's

"MOTION TO CORRECT A CLERICAL ERROR PURSUANT TO F.R. Crim. P. 36"

("Rule 36 Motion," ECF No. 76).  For the reasons stated below, the Court finds that

Roberts's motion is an unauthorized, successive § 2255 motion.

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral

attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting

*Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)).  The Antiterrorism

and Effective Death Penalty Act of 1996 restricts the jurisdiction of the district courts to

hear second or successive applications for federal habeas corpus relief by prisoners

attacking the validity of their convictions and sentences by establishing a "'gatekeeping'

mechanism." *Felker v. Turpin*, 518 U.S. 651, 656–57 (1996).  Specifically, "[b]efore a

second or successive application permitted by this section is filed in the district court, the

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Federal Rule of Criminal Procedure 36 provides, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Nevertheless, the Court narrowly defines clerical errors. "'[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) (alteration in original) (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)).

Roberts now argues that the Presentence Report ("PSR") contains an error "that is the result of a clerical error from the state records." (Rule 36 Mot. 2.) First, Roberts claims that the PSR states that "[o]n 11/8/99 the Richmond Circuit Court[] vacated the order entered on June 24, 1999." (*Id.*) Roberts contends that the Richmond Circuit Court actually vacated the order on June 24, 1998. (*Id.*) Roberts also claims that the PSR mistakenly says the Richmond Circuit Court vacated the June 24, 1998 "order" but it actually vacated the "order of conviction." (*Id.* at 3.)

To the extent an error exists in the PSR, the Court notes that in the Memorandum Opinion dismissing Roberts's § 2255 motion, the Court correctly identifies that: "On November 8, 1999, the Circuit Court vacated Roberts's June 23 and 24, 1998 convictions" due to procedural errors by the Richmond Juvenile and Domestic Relations Court. *Roberts*, 2012 WL 1678074, at *2. Roberts's remaining argument is difficult to

2

follow, but distilled to its essence, Roberts truly challenges the Court's finding that he is a career offender. Roberts argues that the convictions used to enhance his sentence were improperly counted based on a clerical error in state court.[1] He claims he was "deemed a Career Offender because of the clerical error and [his] sentence is being extended by more than ten years." (Rule 36 Mot. 5.) Roberts clearly challenges his sentence.[2] Accordingly, Roberts's Rule 36 Motion falls outside the scope of Rule 36 and within that of § 2255.

---

[1] Roberts argues that the Circuit Court did not just vacate the June 24, 1998 "order" but the "order of conviction" entered that date. (Rule 36 Mot. 2–3.) He argues that by vacating the "order of conviction" the Circuit Court vacated the June 24, 1998 convictions for both his probation violation imposed for committing the aggravated malicious wounding in 1998 and possession of cocaine with intent to distribute for which he was convicted in 1996. Roberts contends:

> If, on November 8, 1999, the Richmond Circuit Court[] vacated the order entered on June 24, 1998, then this would mean the Richmond Circuit Court[] only vacated the order that was entered on that day (a probation violation was imposed on that day) but not the conviction itself. However, and totally different, if, on November 8, 1999, the Richmond Circuit Court[] vacated the order of conviction, then this would mean that the Richmond Circuit Court[] vacated the conviction itself of Possession of Cocaine w/int. distribute.

(*Id.* at 3 (emphasis omitted).)

Roberts attaches the November 8, 1999 Order showing that the aggravated malicious wounding and possession of cocaine with intent to distribute convictions were vacated. (*Id.* Attach. 1, at 1.) Roberts also attaches the new indictment for possession of cocaine with intent to distribute in 1995 returned on June 5, 2000. (*Id.* Attach. 2, at 1.)

On September 11, 2000, the Circuit Court entered final judgment against Roberts for both the possession of cocaine with intent to distribute count and the aggravated malicious wounding count. *Roberts v. Clarke*, No. 3:13CV500–HEH, 2014 WL 2468494, at *1 (E.D. Va. June 2, 2014). This Court found Roberts to be a career offender based on his conviction for malicious wounding and possession with intent to distribute cocaine. In its Memorandum Opinion dismissing his § 2255 Motion, the Court explained: "[T]he PSR based Roberts's career offender status on his conviction for *possession of cocaine with intent to distribute*—not the probation violation related to this conviction—and his conviction for malicious wounding. The sentences for these two convictions were not only separated by an intervening arrest but were imposed on different dates." *Roberts*, 2012 WL 1678074, at *2 (citing USSG § 4A1.2(a)(2)). Roberts argues that this is not actually true because he was recharged for the 1996 cocaine offense in 2000 and sentenced for both on September 11, 2000. While an interesting argument, a Rule 36 Motion is not the appropriate mechanism to bring this challenge to his sentence.

[2] Indeed, in his first § 2255 motion, Roberts argued that the Court improperly found him to be a career offender based on the malicious wounding and probation violation charge. While his argument has evolved, he clearly attempts to continue that quest against his sentence.

Roberts cannot avoid the bar against successive petitions merely by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)). The Rule 36 Motion challenges the determination that Roberts was a career offender and the legality of his sentence. Despite his truly inventive labeling, Roberts motion falls within the scope of 28 U.S.C. § 2255. Thus, the Clerk will be directed to file the Rule 36 Motion as a successive motion pursuant to 28 U.S.C. § 2255. Because the Fourth Circuit has not authorized this Court to hear Robert's successive § 2255 motion, the Rule 36 Motion (ECF No. 76) will be dismissed for want of jurisdiction. A certificate of appealability will be denied.[3]

---

[3] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Roberts fails to satisfy this requirement.

Roberts also has filed a Motion for Appointment of Counsel (ECF No. 77) to bring a challenge to his sentence based on new Supreme Court decisions. No constitutional right to have appointed counsel in post-conviction proceedings exists. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). Moreover, Roberts offers no persuasive authority demonstrating why counsel should be appointed for him at this late juncture. The Motion for Appointment of Counsel (ECF No. 77) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: Aug. 17, 2015
Richmond, Virginia