IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:09CR78–HEH
)
PRENTIS TREWAYNE ROBERTS, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Petitioner, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In his § 2255 Motion, Petitioner asserted that, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") as a career offender is unconstitutional.[1] "Recently, the Supreme Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . *Johnson*'s vagueness holding does not apply to the

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that *"involves conduct that presents a serious potential risk of physical injury to another."*

*Johnson*, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* at 2556. The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.

residual clause in [USSG] § 4B1.2(a)(2)." *United States v. Lee*, 855 F.3d 244, 246–47 (4th Cir. 2017) (citation omitted). Thus, Petitioner's claim lacks merit.

In his response to the Government's Motion to Dismiss, Petitioner further contends that "[i]n light of *Johnson*, Petitioner's sentence is improperly calculated" because his "prior conviction of Malicious Wounding fails to qualify under any of the element clauses in [USSG §] 4B1.2's definition of 'Crime of Violence'." (ECF No. 103, at 2.) Petitioner's challenge to the calculation of his sentence under the guidelines fails to state a cognizable claim for § 2255 relief. *See Lee*, 855 F.3d at 246–47; *United States v. Foote*, 784 F.3d 931, 939–43 (4th Cir. 2015) (holding that career offender designation is not a fundamental defect that results in a complete miscarriage of justice to warrant review of a sentence); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that "barring extraordinary circumstances" error in the calculation of sentencing guidelines not cognizable in a § 2255 motion). Petitioner fails to demonstrate any extraordinary circumstances that would allow the Court to reach the validity of his Guidelines sentence at this late juncture.[2]

---

[2] Moreover, even if the Court were to assess whether Petitioner's prior conviction qualified under § 4B1.2, Petitioner fails to account for controlling Fourth Circuit precedent that a conviction for malicious wounding in violation of Virginia law "categorically qualifies" as a crime of violence under the career offender guidelines. *See Lee v. United States*, 89 F. Supp. 3d 805, 811 (E.D. Va. 2015), *aff'd*, 855 F.3d 244 (4th Cir. 2017).

2

Accordingly, the Government's Motion to Dismiss (ECF No. 102) will be granted. The § 2255 Motion (ECF Nos. 92, 94, 96) will be denied. The action will be dismissed, and the Court will deny a certificate of appealability.

An appropriate Order shall issue.

                                        /s/
                          HENRY E. HUDSON
                          UNITED STATES DISTRICT JUDGE

Date: June 13, 2017
Richmond, Virginia